Curia, per
Nott, J.
I understand the judge to have instructed the jury, that the fact of negligence was sufficiently proved if the defendant’s liability depended alone on that fact. But that admitting the escape to have been effected through the negligence of the sheriff, yet if the plaintiff had not sustained any injury thereby he would not be entitled to recover. The defendant was therefore permitted to go into evidence to shew the insolvency of the prisoner to enable the jury to determine whether any and what damages had been sustained by the plaintiff.— And the important question now to be submitted to the court, is whether such evidence was admissible, either by way of justification or in mitigation of damages, or whether the jury ought to have been instructed to give the whole amount of the debt due by the prisoner to the plaintiff. That question ought perhaps to be considered gs settled in the case of Brown vs. Belcher, decided in this court at the Spring Term, 1825. (a) But if the principle is not embraced in that case, numerous others jnay be adduced in support of the opinion of the presiding judge. The plaintiff may proceed against the sheriff in an action of debt, in which he will be entitled to re *143 cover the whole amount of the judgment against the prisoner, or by an action on the case for the damages sustained by reason of the escape, in which the jury will be at liberty to assess damages according to the circumstances^ 1 Chitty Plea. 140, 141, 6 Johnson 270, Van Slyk vs. Hogeboom. 2 H. Blk. 112, Alsept vs. Egles. 2 Johnson 454, Rawson vs. Dole. 2 D. and E. 126, Bonefors vs. Walker. The evidence therefore was properly admitted. The English doctrine on the liability of sheriffs is rigorous and harsh, more so perhaps than comports with justice and good policy. That a sheriff should be liable at all events for a person in custody on final process, when no negligence can be imputed to him, can hardly be justified upon any correct principle. It is probably founded on the peculiar policy of England, and whether it would be carried to that extent in this country, is I think questionable. But a sheriff is entitled to but little commiseration who voluntarily permits an escape, or when it results from gross negligence. If therefore the jury had given the whole sum in this case, I am not prepared to say that I should have been dissatisfied with the verdict. But as' they have thought proper to assess a smaller sum, I do not think that the court can interfere.

New Trial Refused.

 The opinion of the court in this case has been lost, by some means or other.